**FILED**

NOV 08 2024

Judge Edmond E. Chang
United States District Court

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 20 CR 892 |
| v. | Judge Edmond E. Chang |
| ADAM TRACY | |

### PLEA AGREEMENT

1.     This Plea Agreement between the Acting United States Attorney for the Northern District of Illinois, MORRIS PASQUAL, and defendant ADAM TRACY, and his attorney, NISHAY SANAN, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2.     The information in this case charges defendant with willfully failing to truthfully account for and pay over to the Internal Revenue Service all of the federal income taxes withheld and Federal Insurance Contributions Act ("FICA") taxes due and owing to the United States on behalf of Securities Compliance Group, Ltd. and its employees, in violation of Title 26, United States Code, Section 7202.

3.     Defendant has read the charges against him contained in the information, and those charges have been fully explained to him by his attorney.

4.     Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charge to Which Defendant Is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following count of the information: Count 9, which charges defendant with willfully failing to truthfully account for and pay over to the Internal Revenue Service all of the federal income taxes withheld and Federal Insurance Contributions Act ("FICA") taxes due and owing to the United States on behalf of Securities Compliance Group, Ltd. and its employees, in violation of Title 26, United States Code, Section 7202.

## Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in Count 9 of the information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline § 1B1.3:

On or about certain dates between January 31, 2015 and July 31, 2018, including on or about January 31, 2017 (Count 9 of the indictment), in the Northern District of Illinois, Eastern Division, and elsewhere, defendant ADAM TRACY did willfully fail to truthfully account for and pay over to the Internal Revenue Service all of the federal income taxes withheld and Federal Insurance Contributions Act ("FICA") taxes due and owing to the United States on behalf of Securities Compliance Group, Ltd. and its employees, in violation of Title 26, United States Code, Section 7202.

Specifically, ADAM TRACY managed, controlled, operated and directed Securities Compliance Group, Ltd., which was an Illinois Corporation established in or about December 2013, and which was based in the Northern District of Illinois. Securities Compliance Group, Ltd. was a law practice and consulting practice, and it sometimes did business as "Clearing Link, LLC," "Wabash Capital Advisors, Ltd.," "Guanwei Recycling Corporation," and "The Tracy Firm, Ltd.," and certain other variations of these names. During earlier periods of time, he also managed and controlled other entities called Adam S. Tracy, Ltd., Tracy Legal Group, Ltd., and Clearing Link, LLC. For each of these four entities, ADAM TRACY was required to but failed both to (1) truthfully account for and pay over to the Internal Revenue Service all of the federal income taxes withheld and Federal Insurance Contributions Act ("FICA") taxes due and owing to the United States on behalf of these entities and their employees, and (2) to report and pay a matching share of the Social Security and Medicare taxes that was withheld from their employees.

These entities were required to make deposits of the payroll taxes to the Internal Revenue Service on a periodic basis. In addition, they were required to file, one month following the end of each calendar quarter, an Employer's Quarterly Federal Income Tax Return (Form 941), with the Internal Revenue Service setting forth the total amount of wages and other compensation subject to withholding, the total amount of income tax withheld, the total amount of social security and Medicare taxes due, and the total deposits.

ADAM TRACY was a "responsible person" for each of these entities, meaning he had the responsibility for collecting, accounting for, and paying over to the Internal Revenue Service the payroll taxes for these entities.

Some of the details of his conduct are set forth below.

a.    Securities Compliance Group, Ltd.

Between January 2015 and July 2018, Securities Compliance Group, Ltd. withheld FICA and federal income taxes from its employees' paychecks. Altogether, during the fifteen calendar quarters between December 31, 2014 and June 30, 2018, Securities Compliance Group, Ltd. failed to account and pay over approximately $137,403.76 in payroll taxes.

In addition to the $137,403.76 of unpaid federal employee trust fund tax withholdings as described above, Securities Compliance Group, Ltd., as an employer, was also required to report and pay a matching share of the Social Security and Medicare taxes withheld from its employees. During the period December 2014 through June 2018, Securities Compliance Group, Ltd. failed to pay to the Internal Revenue Service approximately $46,400 for the employer portion of the taxes withheld from its employees.

It is the government's position that the total unpaid employment tax liability for Securities Compliance Group, Ltd. is $183,803.76.

4

      b.    Adam S. Tracy, Ltd.

Adam S. Tracy, Ltd. filed employment tax returns for 2010 and 2011. Adam S. Tracy Ltd.'s employment tax returns for 2010 and 2011 reported a total of $42,728 of federal employee trust fund tax withholdings for which the Internal Revenue Service received no payments. Its 2010 and 2011 employment tax returns reported a total of $12,879 of employer portion Social Security and Medicare taxes for which the Internal Revenue Service received no payments. It is the government's position that the total unpaid employment tax liability for Adam S. Tracy, Ltd. is $55,607.

      c.    Tracy Legal Group, Ltd.

Tracy Legal Group, Ltd., filed employment tax returns for 2012 and 2013. Tracy Legal Group, Ltd.'s employment tax returns for 2012 and 2013 reported a total of $36,566 of federal employee trust fund tax withholdings for which the Internal Revenue Service received $3,535 of payments, leaving an outstanding balance of $33,031. Its 2012 and 2013 employment tax returns reported a total of $14,815 of employer portion Social Security and Medicare taxes for which the Internal Revenue Service received $489 of payments, leaving an outstanding balance of $14,325. It is the government's position that the total unpaid employment tax liability for Tracy Legal Group, Ltd. is $47,356.

     d.    Clearing Link, LLC

Clearing Link, LLC, filed employment tax returns for 2014. Clearing Link, LLC's employment tax returns for 2014 reported a total of $13,747 of federal employee trust fund tax withholdings for which the Internal Revenue Service received no payments. Its 2014 employment tax returns reported a total of $4,938 of employer portion Social Security and Medicare taxes for which the Internal Revenue Service received no payments. It is the government's position that the total unpaid employment tax liability for Tracy Legal Group, Ltd. is $18,685.

     e.    ADAM TRACY – Failure to File Corporate and Personal Taxes

For the tax years 2014 through 2018, ADAM TRACY failed to file federal tax returns for the entities he controlled and for himself individually. It is the government's position that the amount of tax due and owing on behalf of his entities and himself is $981,910.

It is the government's position that the total amount of ADAM TRACY'S tax liability is $1,287,361.76.

The foregoing facts are set forth solely to assist the Court in determining whether a factual basis exists for defendant's plea of guilty, and are not intended to be a complete or comprehensive statement of all the facts within defendant's personal knowledge regarding the charged crimes and related conduct.

### Maximum Statutory Penalties

7.      Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

    a.      A maximum sentence of 5 years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the Court must order costs of prosecution, estimated not to exceed $500. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

    b.      Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty or restitution imposed.

### Sentencing Guidelines Calculations

8.      Defendant understands that, in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training,

7

medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9.     For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.     **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the ~~2023~~ 2024 Guidelines Manual.

b.     **Offense Level Calculations**.

i.     It is the government's position that the base offense level is 20, pursuant to Guideline § 2T1.6 and 2T4.1(H); because the total amount of tax loss is $1,287,361.76, which exceeds $550,000 but does not exceed $1,500,000. Defendant reserves the right to dispute the amount of the tax loss at sentencing.

ii.     Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to

8

satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

        iii.    In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

        iv.    Based on the facts now known to the government, defendant does not receive any criminal history points from Chapter Four, Part A, and otherwise meets the criteria set forth in Guidelines § 4C1.1(a). Therefore, the offense level is decreased by 2 levels.

        c.    **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

        d.    **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, it is the government's position that the anticipated offense level is 15 which, when combined with the anticipated criminal history category of I, results in an anticipated advisory

sentencing guidelines range of 18 to 24 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. Defendant reserves the right to dispute the applicable Sentencing Guidelines range at sentencing based on the amount of the tax loss.

     e.    Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

     f.    Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable

10

provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

### Cooperation

10.     Defendant agrees he will fully and truthfully cooperate in any matter in which he is called upon to cooperate by a representative of the United States Attorney's Office for the Northern District of Illinois. This cooperation shall include providing complete and truthful information in any investigation and pre-trial preparation and complete and truthful testimony in any criminal, civil, or administrative proceeding, whether in the Northern District of Illinois or in another District. Defendant agrees to the postponement of his sentencing until after the conclusion of his cooperation.

### Agreements Relating to Sentencing

11.     At the time of sentencing, the government shall make known to the sentencing judge the extent of defendant's cooperation. If the government determines that defendant has continued to provide full and truthful cooperation as required by this agreement, then the government shall move the court, pursuant to Guideline § 5K1.1, to depart downward from the low end of the applicable guideline range in an amount to be determined by the government at the time of sentencing. Defendant shall be free to recommend any sentence. Defendant understands that the decision to depart from the applicable guideline range rests solely with the Court.

12.     If the government does not move the Court, pursuant to Guideline § 5K1.1, to depart from the applicable guideline range, as set forth above, the preceding paragraph of this Agreement will be inoperative, both parties shall be free to recommend any sentence, and the Court shall impose a sentence taking into consideration the factors set forth in 18 U.S.C. § 3553(a) as well as the Sentencing Guidelines without any downward departure for cooperation pursuant to § 5K1.1. Defendant may not withdraw his plea of guilty because the government has failed to make a motion pursuant to Guideline § 5K1.1.

13.     It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

14.     Regarding restitution, defendant agrees to pay restitution, arising from both the offenses of conviction and the relevant conduct set forth above in an amount to be determined by the Court at sentencing, and he further agrees to pay restitution to State and local governments representing his personal (Form 1040) taxes due and owing to State and local governments, pursuant to Title 18, United States Code, Sections 3663(a)(3) and 3664.

15.     Defendant understands that the amount of tax loss as calculated by the Internal Revenue Service may exceed the amount of tax due as calculated for

restitution in the criminal case. Defendant further understands that the IRS may use the restitution order as a basis for civil assessment pursuant to Title 26, United States Code, Section 6201(a)(4).

16. Restitution shall be due immediately and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), he is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution. Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

17. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

18. Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), and Title 31, United States Code, Sections 3711, 3716, and 3728, notwithstanding any payment schedule set by the Court. In the event of the death or dissolution of, or the government's inability to locate the named recipient(s) of restitution in the Judgment and Commitment Order, the defendant agrees to not oppose efforts by the government to obtain an order substituting as

13

payee a representative of the victim's estate, another family member, or any other person or successor entity appointed as suitable by the court, or the Crime Victims Fund.

19.     After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the information as to defendant.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

20.     This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 20 CR 892.

21.     This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

22.     Defendant understands that nothing in this Agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties from

defendant or defendant's partnership or corporations. Defendant understands that the amount of tax as calculated by the IRS may exceed the amount of tax due as calculated for the criminal case.

## Waiver of Rights

23.     Defendant understands that, by pleading guilty, he surrenders certain rights, including the following:

a.     **Right to be charged by indictment.** Defendant understands that he has a right to have the charges prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant knowingly waives his right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that he has been prosecuted by way of information.

b.     **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i.     The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

15

       ii.     If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

       iii.    If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the information separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

       iv.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

       v.     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi.  At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

c.  At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

d.  **Waiver of appellate and collateral rights**. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, if the government makes a motion at sentencing for a downward departure pursuant to Guideline § 5K1.1, defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution, in exchange for the concessions made by the United States in this Agreement. In addition, if the government makes a motion at sentencing for a downward departure pursuant to Guideline § 5K1.1, defendant also waives his right to challenge his

17

conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

24.    Defendant understands that, by pleading guilty, he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

25.    Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing, including the nature and extent of defendant's cooperation.

26.    Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and

shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

27.     For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

19

## Other Terms

28.    Defendant agrees to cooperate with the United States Attorney's Office in collecting any ordered fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

29.    Regarding matters relating to the Internal Revenue Service, defendant agrees as follows (nothing in this paragraph, however, precludes defendant or defendant's partnerships or corporations from asserting any legal or factual defense to taxes, interest, and penalties that may be assessed by the IRS):

a.    Defendant agrees to cooperate with the Internal Revenue Service in any tax examination or audit of defendant and defendant's partnerships or corporations which directly or indirectly relates to or arises out of the course of conduct that defendant has acknowledged in this Agreement, by transmitting to the IRS original records or copies thereof, and any additional books and records that the IRS may request.

30.    Defendant will not object to a motion brought by the United States Attorney's Office for the entry of an order authorizing disclosure of documents, testimony and related investigative materials which may constitute grand jury material, preliminary to or in connection with any judicial proceeding, pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i). In addition, defendant will not object to the government's solicitation of consent from third parties who provided records or other

20

materials to the grand jury pursuant to grand jury subpoenas, to turn those materials over to the Civil Division of the United States Attorney's Office, or an appropriate federal or state agency (including but not limited to the Internal Revenue Service), for use in civil or administrative proceedings or investigations, rather than returning them to the third parties for later summons or subpoena in connection with a civil or administrative proceeding involving, or investigation of, defendant or defendant's partnerships or corporations. Nothing in this paragraph or the preceding paragraph precludes defendant or defendant's partnerships or corporations from asserting any legal or factual defense to taxes, interest, and penalties that may be assessed by the IRS.

31.     Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## Conclusion

32.     Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

33.     Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter

prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

34.     Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

35.     Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

36. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: Nov. 4, 2024

**JASON YONAN** Digitally signed by JASON YONAN
Date: 2024.10.04 08:36:49 -05'00'
_____
Signed by Jason Yonan, on behalf
of MORRIS PASQUAL,
Acting United States Attorney

**MATTHEW GETTER** Digitally signed by MATTHEW GETTER
Date: 2024.10.04 08:44:55 -05'00'
_____
**MATTHEW GETTER**
Assistant U.S. Attorney

_____
**ADAM TRACY**
Defendant

_____
**NISHAY SANAN**
Attorney for Defendant

23